**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jacqueline Chorney Bass,<br>Plaintiff,<br>v.<br>Denise Gentile; et al.,<br>Defendants. | Case No. 2:26-cv-02759-ART-DJA<br>**Order** |

Pro se Plaintiff Jacqueline Chorney Bass has filed an updated application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 6). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's updated application without prejudice and will give Plaintiff another chance to apply to proceed *in forma pauperis* or to pay the filing fee.

**I. <u>Discussion.</u>**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her

poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff appears to indicate that she splits her water and trash bill with someone else in response to question 6, but she still does not explain how much she pays for these bills. In response to question 8, which requires Plaintiff to list debts and financial obligations, Plaintiff writes: "[t]hey have committed some fraud and did some stuff under my social that I'm unsure about but it's look [sic] to be a few thousand in debt from my family using my information." This answer is too vague to be responsive to the question. Plaintiff also lists a phone number on the docket, but in response to question 6—which requires Plaintiff to list regular monthly expenses—she does not clarify whether she pays for a monthly phone bill. She further indicates that she pays $400 per month for transportation, but she does not list any automobiles as an asset under question 5. It is unclear what the $400 per month in transportation costs is used for. Plaintiff must do her best to state the amounts of the debt she owes and to whom they are payable.

Given these issues, it appears that Plaintiff has omitted information from the application. The Court therefore cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 17, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: September 17, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.